# VINCENT *v.* LANDSIEDEL.

---

PATENTS; INTERFERENCE; MOTION TO DISSOLVE; APPEAL AND ERROR.

1. A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon; but where there is a judgment of priority, the motion to dissolve will be reviewed as a matter ancillary to the decision on the question of priority. (Following *Podlesak* v. *McInnerney*, 26 App. D. C. 399; *Cosper* v. *Gold*, 34 App. D. C. 194; *Re Fullagar*, 32 App. D. C. 222; *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464; and distinguishing *Carlin* v. *Goldberg*, 45 App. D. C. 540; *Field* v. *Colman*, 47 App. D. C. 189; and *Re Creveling*, 46 App. D. C. 536.)

2. In an interference where the question of priority was before the Commissioner of Patents on appeal, and the junior party moved to dissolve on the ground that his adversary could not make the claims, and the Commissioner sustained the motion without passing directly upon the question of priority, it was *held*, that the decision of the Commissioner was in effect, although not in form, a judgment of priority which this court had jurisdiction to review, and a motion to dismiss the appeal was denied.

3. In an interference involving an improvement in adding and recording machines, it was *held*, upon a review of the evidence, that the senior party had a right to make the claims of the issue and was entitled to an award of priority.

No. 1196.   Patent Appeals.   Submitted January 15, 1919.   Decided March 3, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Reversed.*

The facts are stated in the opinion.

*Mr. F. P. Davis, Mr. Reeve Lewis,* and *Mr. W. B. Kerkam* for the appellant.

*Mr. J. D. Rippey* and *Mr. L. C. Kingsland* for the appellee.

Mr. Chief Justice Smyth delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference. The invention upon which the proceeding is based is an improvement in adding and recording machines, and the counts of the issue are:

"1. In an adding machine, a series of keys, a series of plates movable by operation of said keys, an element settable to prevent movement of said plates and thereby locking said keys, a device for setting and holding said element in position to prevent movement of said plates, connections for operating said device, and means indicating when said device is in position to hold said element to prevent movement of said plates."

"3. In an adding machine, a series of depressible keys, a series of plates for locking said keys, an element movable to and from position to cause said plates to lock said keys, an adjustable actuator controlling said element, means for setting said actuator in position to actuate said element at a predetermined occasion, means indicating the position of said actuator, means for holding said actuator in its different positions, means for releasing said actuator, and means for restoring said actuator to its starting point.

"4. In an adding machine, an item counting device comprising a support, a numeral scale on said support, a second numeral scale adjustable with respect to the first one, a latching device whereby said second numeral scale may be held in any desired adjustment with respect to the first-named scale, an actuator for holding said latching device in engagement, a signaling element, and means operated by said second numeral scale for causing said signaling element to signal."

When the interference was declared it embraced four counts. Harry Landsiedel, the junior party, moved to dissolve the inter-

ference. The motion was sustained by the Law Examiner as to counts 1, 2, and 4, and denied as to count 3. On appeal the Examiners in Chief reversed the Law Examiner as to counts 1 and 4 and affirmed him as to count 2. Jesse G. Vincent waived his right to appeal from the decision against him on count 2, and asked for judgment in his favor on the remaining counts. The request was granted and priority was awarded to him by the Examiner of Interferences as to those counts. From this decision Landsiedel appealed to the Examiners in Chief, who affirmed the action of the lower tribunal.

On appeal to the Commissioner the decision of the Examiners in Chief was reversed and the interference dissolved.

Landsiedel, contending that this decision did not settle the question of priority between the parties, moves in this court to dismiss the appeal, on the ground that we are without jurisdiction to review the action of the Commissioner. In support of his position he cites *Carlin* v. *Goldberg,* 45 App. D. C. 540, and *Field* v. *Colman,* 47 App. D. C. 189. We do not think that either case is in point.

In the *Carlin Case* the question of priority was not presented to any of the tribunals of the Patent Office. The issue before each related solely to the contention that Carlin could not make the claims. The decision, then, was with reference to a purely ancillary matter and was in no sense final. This is made very clear by Mr. Justice Van Orsdel, who spoke for the court. He said: "A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon."

The *Field Case* is to the same effect. It was there observed that there was "no judgment of priority entered by the Commissioner, but such a judgment could not have been entered, since the case was appealed through the various tribunals of the Patent Office upon the sole question of whether the motion to dissolve the interference should be sustained or denied. At no stage of the proceedings was the question of priority tried or determined."

The situation is quite different in the case before us. Here the question of priority was presented to each of the lower tri-

bunals and passed upon. It was from the decision of the Examiners in Chief awarding priority to Vincent that Landsiedel appealed to the Commissioner. Undoubtedly Landsiedel had a right on that appeal to have the ruling of the lower tribunal on the motion to dissolve reviewed as a matter ancillary to the decision on the question of priority, and therefore necessarily involved in the appeal. *Podlesak* v. *McInnerney,* 26 App. D. C. 399, 405; *Cosper* v. *Gold,* 34 App. D. C. 194, 198. This court, speaking of the Commissioner in *Re Fullagar,* 32 App. D. C. 222, 228, said that if he decided that Fullagar "had no right to make the claims of the interference, because not disclosed in his application, he would necessarily have awarded priority to Emmett. *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464. The latter's application having been allowed, and Fullagar having been put out of the case, there would remain nothing else to do."

*In Re Creveling,* 46 App. D. C. 536, 538, is authority for the proposition that where it was ruled on a motion to dissolve that a party could not make the claims, his remedy "was to await a final decision in the interference proceeding, whatever might be the form of that decision, \* \* \* and appeal therefrom to this court."

The question of priority, as we have noted, was before the Commissioner for decision in the instant case. If in addition to reversing the Examiners in Chief and dissolving the interference he had adjudged priority to Landsiedel, it would be clear that his decision would be appealable; but that in effect, albeit not in form, is what he did. In the language of the *Fullagar Case* there was for him "nothing else to do." We think the motion to dismiss for want of jurisdiction must be overruled.

On the record it must be conceded that if Vincent had a right to make the claims, he is entitled to priority. The appellee's position with respect to this is that Vincent's application does not contain a disclosure affording a basis for the claims. The board of Examiners in Chief went into the matter very thoroughly in their opinion upon the motion to dissolve, and re-examined it upon the appeal from the decision of the Examiner of

D. C.]                              Syllabus.

Interferences awarding priority to Vincent. They, as we have said, affirmed the action of the Examiner of Interferences. We are satisfied with their reasoning and conclusion, and therefore reverse the decision of the Commissioner of Patents and award priority of invention of the subject-matter of counts 1, 3, and 4 to Jesse G. Vincent.                              *Reversed.*